UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MICHAEL MILES**, | ) Case No. 2:26-cv-10447 |
| Plaintiff, | ) |
| v. | ) Judge: |
| **P R S CORPORATION**, A Michigan corporation for profit. | ) |
| Defendant. | ) |

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

Plaintiff, Michael Miles, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant P R S Corporation, a Michigan corporation for profit for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Michael Miles, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of

Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Michael Miles ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant P R S Corporation operates and owns a Giant Oak Golf Club located at 1024 Valetta Dr, Temperance, MI 48182 in Monroe County. Plaintiff has patronized Defendant's business previously as a place of public accommodation.

6. The golf club owned and operated by the Defendant are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a golf club and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

7. The discriminatory violations described in Paragraph 16 by Defendant P R S Corporation are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to access for people with disabilities. The plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

8. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an

3

injunction requiring Defendant to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

9. Mr. Miles is a paraplegic and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10. Plaintiff Michael Miles and his son (who currently is on the golf team at Ohio Northern University) have golfed at the property that forms the basis of this lawsuit, most recently on July 15, 2024, and previously on September 27, 2019 but also other occasions. Additionally, Mr. Miles has been a golf spectator at the property on various dates throughout 2019 – 2023 while his son competed in high school golf events. He plans to return to the property to avail himself of the goods and services offered to the public at the property.

11. Plaintiff is a Hancock County resident, an avid adaptive golfer and former board member to the National Association for Accessible Golf between 2007 – 2013, frequently travels throughout all of Michigan and elsewhere to enjoy playing various courses, participate in scrambles and tournaments, and be a

spectator to high school and collegiate golf.

12. Plaintiff encountered architectural barriers at the subject golf course property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

13. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the golf club and its amenities without fear of discrimination.

14. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

15. The Defendant has discriminated and is continuing to discriminate, against

the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of Giant Oak Golf Club, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Access to Goods and Services

   A. The club house coat rack is located above allowable reach range, in violation of the ADA and section 308.2 of the 2010 Standards and 1991 ADAAG section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

Parking and Accessible Routes

   B. Designated accessible parking spaces lack required signage, in violation of the ADA and Section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or, at minimum, readily achievable.

   C. There are no designated van accessible parking spaces, in violation of the ADA and section 208.2.4 of the 2010 Standards and 1991 ADAAG section A4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

   D. Designated accessible parking lacks required access aisles, in violation of the ADA and section 502.2 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

   E. There are cracks and changes in level along the accessible route from the designated accessible parking to the clubhouse entrance, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section

    4.3.8, whose remedy is strictly required or, at minimum, readily achievable.

  F.  The accessible route from the designated accessible parking to the golf course has excess slope, in violation of the ADA and section 403.3 of the 2010 Standards and 1991 ADAAG section 4.3.7, whose remedy is strictly required or, at minimum, readily achievable.

  G.  Interior stairways lack compliant handrails on both sides, in violation of the ADA and sections 504.6 and 505 of the 2010 Standards and 1991 ADAAG section 4.9.4, whose remedy is strictly required or, at minimum, readily achievable

<u>Restrooms</u>

  H.  There are no accessible restroom facilities.

  I.  Restroom signage lacks the international symbol of accessibility and tactile Braille and is not located at the latch side of the door, in violation of the ADA and section 216.8 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

  J.  The men's restroom door lacks required maneuvering clearance at the latch side to exit, in violation of the ADA and Section 404.2.4.1 on the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

  K.  The men's restroom toilet compartment lacks required clear floor space around the water closet, in violation of the ADA and section 604.3.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

  L.  The men's restroom toilet compartment entirely lacks any grab bars around the water closet, in violation of the ADA and section 604.5 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

  M.  The men's restroom toilet paper dispenser is not mounted in the required location, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is strictly required or, at

minimum, readily achievable.

N. The men's restroom toilet compartment door lacks door pulls on both sides, requires tight grasping or twisting to operate, and does not automatically close, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

O. The men's restroom urinals are inaccessible to wheelchair users due to lack of clear floor space to approach and being mounted too high, in violation of the ADA and sections 605.2 and 605.3 of the 2010 Standards and 1991 ADAAG sections 4.18.2 and 4.18.3, whose remedy is strictly required or, at minimum, readily achievable.

P. The cabinet lavatory does not provide required knee and toe clearance for wheelchair users, in violation of the ADA and section 306 of the 2010 Standards and 1991 ADAAG section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

Q. The men's restroom mirror is located over 40 inches from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

R. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable. A survey of the restroom is necessary.

<u>Policies and Procedures</u>

S. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA, whose remedy is strictly required or at minimum is readily achievable.

T. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Michael Miles.

17. The discriminatory violations described in Paragraph 16 by Defendant are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The public golf club at issue, as owned and operated by P R S Corporation, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods,

services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable

attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT, M.C.L. § 37.1301 *et seq.*

23. Plaintiff restates the allegations of ¶¶1-22 as if fully rewritten here.

24. P R S Corporation operate a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

25. Defendant committed unlawful acts pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant's property has been constructed, maintained, and renovated without regard to the ability of patrons with mobility impairment, such as Mr. Miles specifically, to use their golf club and course, including any restroom, without difficulty and limitations.

26. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

    For **COUNT I**, an injunction requiring Defendants to bring its place of public

accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff*:

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
obdjr@owendunnlaw.com